# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5854 | **DATE** | 4/28/2011 |
| **CASE TITLE** | MB Financial Bank vs. THG Restaurant Group, LLC et al | | |

**DOCKET ENTRY TEXT**

For these reasons, the Court grants MB Financial's Motion to Strike THG's Affirmative Defenses 1, 2, 3, and 4.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff MB Financial Bank N.A. ("MB Financial") sued Defendants THG Restaurant Group, LLC, THG Holdings, LLC, and Woodrow A. Hall (collectively "THG") for breach of a promissory note. On March 18, 2007, Benchmark Bank ("Benchmark") made a loan to THG in the amount of $399,659.54 and both parties signed a promissory note. MB Financial purchased Benchmark's assets from the FDIC on December 4, 2009. As a result, MB Financial became Benchmark's successor-in-interest and assumed all of Benchmark's rights, including the ability to enforce the promissory note. Thus, when THG defaulted on the promissory note, MB Financial brought this action. In its Answer, THG asserted four affirmative defenses and MB Financial moves to strike them under Rule 12(f).[1] In its response, THG withdrew its First Affirmative Defense which asserted that MB Financial lacked standing to bring the lawsuit. The Court therefore strikes that defense. For the following reasons, the Court grants MB Financial's Motion to Strike THG's Affirmative Defenses.

Under Federal Rule of Civil Procedure 12(f), the Court may strike an "insufficient" affirmative defense. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Affirmative defenses are pleadings, and therefore the pleading standards of the Federal Rules of Civil Procedure apply. *Id.* As such, a "short and plain statement" of the affirmative defense must be asserted as Rule 8(a) requires; conclusory, vague, and unsupported defenses are invalid. *See, e.g., Nat'l Council on Compensation Ins., Inc. v. Am. Intern. Group, Inc.*, No. 07 C 2898, 2009 WL 466802, at *4 (N.D. Ill. Feb. 23, 2009) (Gettleman, J.) Finally, an affirmative defense is an "admission of the facts alleged in the complaint, coupled with the assertion of some other reason defendant is not liable." *Bd. of Governors of Wayne State Univ. v. Bajkowski*, No. 86 C 709, 1987 WL 12911, at *1 (N.D. Ill. June 19, 1987) (Leinenweber, J.).

In Affirmative Defense 2, THG contends that it did not breach the promissory note because pursuant to a modification to the note MB Financial had an obligation to automatically withdraw payments from

THG's account.  According to THG, MB Financial did not make these withdrawals, so it should be barred from alleging that THG failed to comply with the loan terms.  (Second Affirm. Defense ¶¶ 1-5.) ("lack of breach defense").  In Affirmative Defense 3, THG claims that when MB Financial accepted interest only payments from THG from December 2009 until September 2010, it waived its right to sue for breach of the promissory note.  (Third Affirm. Defense ¶¶ 1-2.) ("waiver defense").  In Affirmative Defense 4, THG maintains that by accepting the interest only payments, MB Financial "lulled" THG into believing the interest only payments were sufficient, then went ahead and filed suit, which constituted breach of the implied covenant of good faith and fair dealing ("good faith and fair dealing defense").

MB Financial moves to strike Affirmative Defenses 2, 3, and 4 on two separate grounds.  First, it contends that the promissory note is a "credit agreement," and under the Illinois Credit Agreements Act ("ICAA"), such agreements must be "in writing" and "signed by the creditor and the debtor."[22]  THG admitted that the ICAA applies here.  (R. 26, Resp. Br. at 2.)  *See* 860 ILCS 160/2; *Resolution Trust Corp. v. Thompson*, 989 F.2d 942, 944 (7th Cir. 1993) (ICAA is "strong form" of the statute of frauds because it requires that both parties sign the agreement itself); *see, e.g., Westinghouse Electric Corp. v. McLean*, 938 F. Supp. 487, 490-91 (N.D. Ill. 1996) (Coar, J.) (oral agreements to modify or extend credit agreements are invalid); *General Elec. Capital Corp. v. Donogh Homes, Inc.*, No. 93 C 5614, 1993 WL 524814, at *2-3 (N.D. Ill. Dec. 15, 1993) (Kocoras, J.) (claims "sufficiently related to" alleged oral agreements barred by ICAA).  MB Financial seeks to strike these affirmative defenses because they rely on modified loan terms and THG failed to attach written, signed documentation of these modifications.  Second, MB Financial maintains that Affirmative Defenses 2, 3, and 4 are redundant with a denial that THG made in its Answer.  *See, e.g., Renalds v. S.R.G. Restaurant Group*, 119 F. Supp. 2d 800, 802 (N.D. Ill. 2000) (Alesia, J.).  THG answered MB Financial's allegation that it was in default of the promissory note as follows:

> Deny. Defendants further state that timely payments were made on the loan through automatic withdrawals made by Benchmark from Defendant's savings account.  Sometimes during the first quarter of 2010, Plaintiff failed to honor Benchmark and Defendant's agreement to deduct interest only payments from their savings account.  Defendants contacted Plaintiff to rectify the issue.  Plaintiff did not correct the problem until on or about September 2010, when Plaintiff deducted approximately 10 months of interest only payments due on the loan from Defendant's savings account.

(R. 18, Answer ¶ 11.)

The ICAA precludes THG from asserting Affirmative Defense 2 (lack of breach).  This defense relies on whether MB Financial had an obligation to automatically withdraw payments from THG's account.  This provision, however, falls short of the ICAA's requirements, as neither party asserts that it was a term, in writing, of the initial promissory note or any subsequent modification. Moreover, Paragraph 11 of the Answer, where THG claims that it made "timely payments" and did not breach the promissory note because of the automatic withdrawal arrangement, also covers this defense.  The Court therefore strikes Affirmative Defense 2.

Affirmative Defense 3 (waiver defense) is similarly defective.  Despite the absence of a signed, written modification allowing THG to pay interest only payments, THG contends that by accepting these payments from December 2009 to September 2010, MB Financial waived its ability to sue for breach of the promissory note.[33]  As evident from the signed, written agreements attached to the Complaint, Benchmark and THG agreed to modify the loan two times, which resulted in allowing THG to pay interest only payments from May through August 2008, and also

| STATEMENT |
|---|

from September 2008 through December 2008; after the modifications expired in December 2008, monthly payments of principal and interest were due. (R. 1, Ex. B.) A premise of THG's waiver defense, though, is that MB Financial's course of conduct essentially "modified" the payment terms of the original promissory note. The ICAA bars precisely this kind of affirmative defense that is "related to" unsigned, undocumented credit agreements. *Whirlpool Fin. Corp. v. Sevaux*, 96 F.3d 216, 226 (7th Cir. 1996) (ICAA prohibits affirmative defenses "aris[ing] out of" alleged oral promises); *Donogh Homes, Inc.*, 1993 WL 524814, at *3-4 (course of conduct, as evidence of intent to extend or modify a loan, is invalid under ICAA). The waiver defense is also invalid because it mimics THG's denial of breaching the promissory note. (R. 18, Answer ¶ 11.) ("Plaintiff failed to honor Benchmark and Defendant's agreement to deduct interest only payments from their savings account." ). As such, the Court strikes Affirmative Defense 3.

Finally, Affirmative Defense 4 (good faith and fair dealing defense) fares no better. THG asserts that MB Financial breached a duty of good faith and fair dealing, which is implicit in every contract, by accepting interest only payments until September 2010 and then bringing this lawsuit instead of trying to "renegotiate in good faith the terms of the modification that had been in place for the 10 month period between December 2009 and September 2010." (Fourth Affirm. Defense ¶ 3.) Where, as here, the defendant raises the good faith and fair dealing defense that relates to credit agreement modifications that are not signed and in writing, such a defense is legally defective. *See, e.g., Household Commercial Fin. Services, Inc. v. Suddarth*, No. 01 C 4355, 2002 WL 31017608, at *6 (N.D. Ill. Sept. 9, 2002) (Guzman, J.) ("Since the Seventh Circuit decision in *Help at Home* and *Whirlpool* are binding authority on this Court, and in those cases the Courts held that claims of breach of an implied duty of good faith and fair dealing were barred by the ICAA, this Court also holds that such a defense is barred by the ICAA."); *Help at Home Inc. v. Medical Capital, LLC*, 260 F.3d 748, 757 (7th Cir. 2001) (claims against defendant dismissed for not complying with ICAA); *Whirlpool*, 96 F.3d at 226 (same). The Court also strikes Affirmative Defense 4.

For these reasons, the Court grants MB Financial's Motion to Strike THG's Affirmative Defenses 1, 2, 3, and 4.